GARY A. SHEATZ, CITY ATTY. #171753
gsheatz@cityoforange.org
KIRSTEN B. SHEA, SR. ASSIST. CITY ATTY. #241469
kshea@cityoforange.org
CITY OF ORANGE
300 East Chapman Avenue
Orange, California 92866
(714) 744-5580

Attorneys for Defendant CITY OF ORANGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEN L. SMITH,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ORANGE; and DOES 1 through 50, Inclusive,<br><br>Defendant, | CASE NO.: 8:22-cv-01148<br><br>**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES and DEMAND FOR JURY**<br><br>COMPLAINT FILED: September 21, 2021<br>REMOVED: June 13, 2022<br>TRIAL DATE: None Set |

**COMES NOW**, Defendant CITY OF ORANGE ("Defendant") to answer the Complaint for damages of Plaintiff DAMEN L. SMITH ("Plaintiff") as follows:

**ANSWER TO PARTIES**

1. In answer to paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies all allegations contained therein.

2. In answer to paragraph 2 of the Complaint, Defendant admits the allegations contained therein.

3. In answer to paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies all allegations contained therein.

4. In answer to paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies all allegations contained therein.

5. In answer to paragraph 5 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies all allegations contained therein.

6. In answer to paragraph 6 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies all allegations contained therein.

## ANSWER TO JURISDICTION AND VENUE

7. In answer to paragraph 7 of the Complaint, Defendant admits the allegations contained therein.

8. In answer to paragraph 8 of the Complaint, Defendant admits the allegations contained therein.

9. In answer to paragraph 9 of the Complaint, Defendant admits the allegations contained therein.

10. In answer to paragraph 10 of the Complaint, Defendant admits the allegations contained therein.

## ANSWER TO GOVERNMENT CLAIM REQUIREMENTS MET

11. In answer to paragraph 11 of the Complaint, Defendant denies all allegations contained herein. Defendant admits that the only claim the City received from Plaintiff was on August 13, 2021. In his claim, Plaintiff alleged the incident occurred in April 2020, but he does not provide a specific date. Mr. Smith complains that the left side of his face is paralyzed because of the incident. On August 31, 2021, the City returned Plaintiff's claim because it was not presented within six months of the

incident date, which occurred on February 28, 2020, as required by Government Code Sections 901 and 911.2.

12. In answer to paragraph 12 of the Complaint, Defendant denies all allegations contained therein. Defendant admits that Plaintiff has not presented a request to present a late claim to the City as required by law to support his state law causes of action.

**ANSWER TO FACTS COMMON TO ALL COUNTS**

13. In answer to paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies all allegations contained therein.

14. In answer to paragraph 14 of the Complaint, Defendant admits that on the incident date, February 28, 2020, Orange Police Department officers were responding to a speeding motorcycle driven by an individual and they were able to pull him over at a parking lot located at 1435 W. Chapman Ave. in the City of Orange. During this time, officers suspected that this individual stole the motorcycle. Officers were in the midst of conducting their investigation when they observed Mr. Smith standing behind them and speaking loudly and aggressively. Mr. Smith began to approach the officers and were within 10 to 15 feet from them, then his voice became extremely loud and he appeared to want to confront the officers. Due to his proximity, Officer Suarez walked towards Mr. Smith to warn him to stay back. Mr. Smith did not walk away, but instead walked closer to the officers. Because the officers' attention was on Mr. Smith, the suspect for the stolen motorcycle was able to escape and fled on foot until officers were able to apprehend him again. Once the suspect was secured, Officer Suarez and another officer were able to make contact with Mr. Smith. At this time, he cooperated with police. The officers informed him about the reason for the police activity and that it was an investigation of a stolen vehicle. Mr. Smith told the officers that there was a misunderstanding and he apologized to them. Defendant denies any and all other allegations in Plaintiff's Complaint, paragraph 14.

15. In answer to paragraph 15 of the Complaint, Defendant admits that on the incident date, February 28, 2020, Orange Police Department officers were responding to a speeding motorcycle driven by an individual and they were able to pull him over at a parking lot located at 1435 W. Chapman Ave. in the City of Orange. During this time, officers suspected that this individual stole the motorcycle. Officers were in the midst of conducting their investigation when they observed Mr. Smith standing behind them and speaking loudly and aggressively. Mr. Smith began to approach the officers and were within 10 to 15 feet from them, then his voice became extremely loud and he appeared to want to confront the officers. Due to his proximity, Officer Suarez walked towards Mr. Smith to warn him to stay back. Mr. Smith did not walk away, but instead walked closer to the officers. Because the officers' attention was on Mr. Smith, the suspect for the stolen motorcycle was able to escape and fled on foot until officers were able to apprehend him again. Once the suspect was secured, Officer Suarez and another officer were able to make contact with Mr. Smith. At this time, he cooperated with police. The officers informed him about the reason for the police activity and that it was an investigation of a stolen vehicle. Mr. Smith told the officers that there was a misunderstanding and he apologized to them. Defendant denies any and all other allegations in Plaintiff's Complaint, paragraph 15.

16. In answer to paragraph 16 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

17. In answer to paragraph 17 of the Complaint, Defendant denies all of the allegations contained in said paragraph. Based upon information and belief, Mr. Smith was cited on the incident date by City of Orange Police Officers for Penal Code Section 148(a), resisting, obstructing or delaying a peace officer. The charges were filed by the Orange County District Attorney's Office on February 28, 2020. The arraignment was scheduled for September 1, 2020, but Mr. Smith failed to appear for the arraignment. A bench warrant was issued on December 13, 2021, and bail was set for $500.00. In addition, the arresting agency is ordered not to release Mr. Smith with a citation.

18. In answer to paragraph 18 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

**ANSWER TO FIRST CAUSE OF ACTION**

19. In answer to paragraph 19 of the Complaint, Defendant incorporates by reference all prior responses to paragraphs 1 through 18.

20. In answer to paragraph 20 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

21. In answer to paragraph 21 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

22. In answer to paragraph 22 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

23. In answer to paragraph 23 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

24. In answer to paragraph 24 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

25. In answer to paragraph 25 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

26. In answer to paragraph 26 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

27. In answer to paragraph 27 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

28. In answer to paragraph 28 of the Complaint, Defendant admits that at the time of the incident with Plaintiff, Orange police officers were acting in the course and scope of their employment with the City of Orange. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies all other allegations contained therein.

29. In answer to paragraph 29 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

## ANSWER TO SECOND CAUSE OF ACTION

30. In answer to paragraph 30 of the Complaint, Defendant incorporates by reference all prior responses to paragraphs 1 through 29.

31. In answer to paragraph 31 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

32. In answer to paragraph 32 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

33. In answer to paragraph 33 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

34. In answer to paragraph 34 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

35. In answer to paragraph 35 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

36. In answer to paragraph 36 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

37. In answer to paragraph 37 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

38. In answer to paragraph 38 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

39. In answer to paragraph 39 of the Complaint, Defendant admits that at the time of the incident with Plaintiff, Orange police officers were acting in the course and scope of their employment with the City of Orange. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies all other allegations contained therein.

40. In answer to paragraph 40 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

/ / /

/ / /

## ANSWER TO THIRD CAUSE OF ACTION

41. In answer to paragraph 41 of the Complaint, Defendant incorporates by reference all prior responses to paragraphs 1 through 40.

42. In answer to paragraph 42 of the Complaint, Defendant admits that it has a duty of reasonable care in hiring, training, supervising, and retaining their police officer and/or deputy employees and agents in the City of Orange. Defendant denies all of the other allegations in said paragraph.

43. In answer to paragraph 43 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

44. In answer to paragraph 44 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

45. In answer to paragraph 45 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

46. In answer to paragraph 46 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

47. In answer to paragraph 47 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

48. In answer to paragraph 48 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

## ANSWER TO FOURTH CAUSE OF ACTION

49. In answer to paragraph 49 of the Complaint, Defendant incorporates by reference all prior responses to paragraphs 1 through 48.

50. In answer to paragraph 50 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

51. In answer to paragraph 51 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

52. In answer to paragraph 52 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

53. In answer to paragraph 53 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

54. In answer to paragraph 54 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

**ANSWER TO FIFTH CAUSE OF ACTION**

55. In answer to paragraph 55 of the Complaint, Defendant incorporates by reference all prior responses to paragraphs 1 through 54.

56. In answer to paragraph 56 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

57. In answer to paragraph 57 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

58. In answer to paragraph 58 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

59. In answer to paragraph 59 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

60. In answer to paragraph 60 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

61. In answer to paragraph 61 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

**ANSWER TO SIXTH CAUSE OF ACTION**

62. In answer to paragraph 62 of the Complaint, Defendant incorporates by reference all prior responses to paragraphs 1 through 61.

63. In answer to paragraph 63 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

64. In answer to paragraph 64 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

65. In answer to paragraph 65 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

66. In answer to paragraph 66 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

67. In answer to paragraph 67 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

68. In answer to paragraph 68 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

69. In answer to paragraph 69 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

70. In answer to paragraph 70 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

71. In answer to paragraph 71 of the Complaint, Defendant admits that Civil Code section 52(b)(2) allows for a civil penalty up to $25,000 for a violation, but Defendant denies all other allegations contained therein.

72. In answer to paragraph 72 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

**ANSWER TO SEVENTH CAUSE OF ACTION**

73. In answer to paragraph 73 of the Complaint, Defendant incorporates by reference all prior responses to paragraphs 1 through 72.

74. In answer to paragraph 74 of the Complaint, Defendant admits that at the time of the incident with Plaintiff, Orange police officers were acting in the course and scope of their employment with the City of Orange and they were issued badges and identification cards as such. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies all other allegations contained therein.

75. In answer to paragraph 75 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

76. In answer to paragraph 76 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

77. In answer to paragraph 77 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

78. In answer to paragraph 78 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

79. In answer to paragraph 79 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

80. In answer to paragraph 80 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

81. In answer to paragraph 81 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

82. In answer to paragraph 82 of the Complaint, Defendant admits that Plaintiff has rights under the U.S. and State Constitutions including, but not limited to, under the Fourth and Fourteenth Amendment of the U.S. Constitution and by 42 U.S.C. section 1983. Defendant denies all other allegations contained therein.

83. In answer to paragraph 83 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

84. In answer to paragraph 84 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

85. In answer to paragraph 85 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

## ANSWER TO EIGHTH CAUSE OF ACTION

86. In answer to paragraph 86 of the Complaint, Defendant incorporates by reference all prior responses to paragraphs 1 through 85.

87. In answer to paragraph 87 of the Complaint, Defendant admits that this action is brought pursuant to 42 U.S.C. section 1983, and the Fourth and Fourteenth Amendments of the United States Constitution.

88. In answer to paragraph 88 of the Complaint, Defendant admits the allegations in said paragraph.

89. In answer to paragraph 89 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

90. In answer to paragraph 90 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

91. In answer to paragraph 91 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

92. In answer to paragraph 92 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

93. In answer to paragraph 93 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

94. In answer to paragraph 94 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

95. In answer to paragraph 95 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

96. In answer to paragraph 96 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

## ANSWER TO NINTH CAUSE OF ACTION

97. In answer to paragraph 97 of the Complaint, Defendant incorporates by reference all prior responses to paragraphs 1 through 96.

98. In answer to paragraph 98 of the Complaint, Defendant admits that at the time of the incident with Plaintiff, Orange police officers were acting in the course and scope of their employment with the City of Orange. Defendant denies all other allegations contained therein.

99. In answer to paragraph 99 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

100. In answer to paragraph 100 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

101. In answer to paragraph 101 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

102. In answer to paragraph 102 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

103. In answer to paragraph 103 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

104. In answer to paragraph 104 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

105. In answer to paragraph 105 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

106. In answer to paragraph 106 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

107. In answer to paragraph 107 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

108. In answer to paragraph 108 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

109. In answer to paragraph 109 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

110. In answer to paragraph 110 of the Complaint, Defendant denies all of the allegations contained in said paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

As an affirmative defense, Defendant alleges that each cause of action contained in the Complaint fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

As an affirmative defense, Defendant alleges that the acts, actions, and conduct of Plaintiff directly and proximately caused Plaintiff's injuries and/or damages, if any. Therefore, Plaintiff is not entitled to damages or any other relief from Defendant.

**THIRD AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant alleges that the conduct, misconduct, and/or negligence of Plaintiff caused and contributed to any alleged damages which may have been sustained by Plaintiff, and by reason thereof, Plaintiff should be barred from recovery, or in the alternative, should have any recovery diminished by the amount or percentage that said conduct, misconduct, or negligence caused or contributed to the alleged damages, should they be proven.

**FOURTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant alleges that any and all events and happenings, injuries, and damages, if any, alleged in the Complaint were proximately caused and contributed to by Plaintiff in that Plaintiff assumed all risks and hazards by engaging in the course and conduct that resulted in Plaintiff's injuries, if any.

**FIFTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant alleges that Defendant is not liable for the damages, if any, alleged in the Complaint by reason of the provisions of Government Code § 815.2(a) and (b), in that a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

**SIXTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant alleges that Defendant was justified in taking any and all actions with regard to the Plaintiff in as much as Defendant had a good faith belief that reasonable and probable cause existed to believe that violations of the California Penal Code were occurring, or had occurred, at all times relevant hereto.

**SEVENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant alleges that any force used against Plaintiff was only the amount of force reasonably believed to be necessary to protect the Defendant from wrongful injury, and was therefore justified pursuant to Civil Code § 50.

**<u>EIGHTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION</u>**

As an affirmative defense, Defendant alleges that a public entity and its employees, officers, and agents are not responsible for injury or damage resulting from an act or omission that was a result of the exercise of discretion vested in such officer, employee, or agent, whether or not such discretion was abused pursuant to the provisions of Government Code §§ 820.2 and 815.2

**<u>NINTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION</u>**

As an affirmative defense, Defendant alleges that a public entity and its employees, officers, and agents are immune from tort liability for law enforcement activities while exercising due care pursuant to the provisions of Government Code §§ 820.4 and 815.2

**<u>TENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION</u>**

As an affirmative defense, Defendant alleges that a public entity and the employees, officers, and agents of Defendant are immune from tort liability because all force, if any, used by Defendant against Plaintiff was in self-defense or in defense of others.

**<u>ELEVENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION</u>**

As an affirmative defense, Defendant alleges that at all times material hereto, Defendant acted in good faith and is entitled to the qualified immunity of good faith.

**<u>TWELFTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION</u>**

As an affirmative defense, Defendant alleges that there was no violation of Civil Code § 52.1 as at no time did Defendant intimidate, threaten, or coerce Plaintiff in violation of any of his Constitutional rights.

**<u>THIRTEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION</u>**

As an affirmative defense, Defendant alleges that the Complaint and every cause of action contained therein, fails to establish that this Defendant had a policy, custom, or practice that was the "moving force" of the constitutional deprivation. (<u>Monell v. Department of Social Services</u> 436 U.S. 658, 694-95 (1978); <u>Villegas v. Gilroy Garlic</u>

Festival Ass'n 541 F.3d 950, 957 (9th Cir. 2008).) Plaintiff has failed to prove that the action, pursuant to official governmental policy, caused his injuries. (Connick v. Thompson 131 S. Ct. 1350, 1359 (2011); Monell 436 U.S. at 691.)

**FOURTEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant is immune from liability based on Government Code § 821.6, which immunizes public employees and their employers from liability for torts committed by public employees in the course of their investigation concerning a judicial or administrative proceeding, even if the plaintiff is not the target of the investigation. Leon v. County of Riverside (2021) 64 Cal.App. 5th 837.

**FIFTEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, the acts or omissions relating to the subject matter of this lawsuit were those of Defendant's public employees acting within the scope of their employment, exercising due care in the execution of enforcement of law, and each Defendant is immune under Government Code §§ 815, 815.2 and 820.4 and Penal Code §§ 835(a), 836 and 836.5.

**SIXTEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant alleges that a public entity and its employees, officers, and agents are immune from tort liability for negligent or intentional misrepresentations made while acting in the scope of employment pursuant to the provisions of Government Code §§ 822.2, 815.2 and 818.8.

**SEVENTEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant alleges that any and all mandatory duties imposed on Defendant and Defendant's agents or employees, the failure of which allegedly created the condition at the time and place which is the subject of this Complaint, was exercised with reasonable diligence and, therefore, Defendant is not liable to Plaintiff for the alleged injuries, pursuant to Government Code §§ 815.2 and 815.6

**EIGHTEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Defendant alleges that the Complaint, and every cause of action contained therein, fails to allege that this Answering Defendant's official conduct (1) violated a constitutional right and, if so, (2) the right was clearly established in light of the specific context of this case. Pearson v. Callahan 129 S.Ct. 808, 818 (2009).

**NINETEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Plaintiff's pending criminal charge and/or conviction for interfering with a police officer under Penal Code § 148 bars his excessive force claim under Section 1983 because officer's excessive force is a defense to the criminal charge. *See* Heck v. Humphrey, 512 US 477 (1994).

**TWENTIETH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

As an affirmative defense, Plaintiff is not entitled to punitive damages and treble damages because they are not allowed against a public entity pursuant to Government Code § 818. Los Angeles Unified School Dist. V. Superior Court, (2021) 64 Cal. App. 5th 549, 552.

**TWENTY-FIRST AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION**

Defendant asserts that additional affirmative defenses may become necessary. This Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

/ / /

/ / /

/ / /

**WHEREFORE**, Defendant prays that Plaintiff take nothing by way of his Complaint and be denied any injunctive or declaratory relief, that said Defendant be dismissed with costs herein incurred, and for such other and further relief as the Court deems just and proper.

Dated: June 21, 2022

CITY OF ORANGE
Gary A. Sheatz, City Attorney

By: * /s/ Kirsten B. Shea*
Kirsten B. Shea, Sr. Assistant City Attorney
Attorneys for Defendant CITY OF ORANGE

**DEMAND FOR JURY TRIAL**

Defendant CITY OF ORANGE hereby demands a jury by trial.

Dated: June 21, 2022

CITY OF ORANGE
Gary A. Sheatz, City Attorney

By: */s/ Kirsten B. Shea*
Kirsten B. Shea, Sr. Assistant City Attorney
Attorneys for Defendant CITY OF ORANGE